IN THE UNITED STATES
DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**TYSON KOPP**                                            )
                                                          )
Plaintiff,                                                )
                                                          )
v.                                                        )    Case No. 4:15-CV-00324
                                                          )
**MEDICAL COMMERCIAL AUDIT, INC.**                        )
**d/b/a MCA MANAGEMENT COMPANY**                          )
                                                          )
Defendant.                                                )
                                                          )
Serve Defendant at:                                       )
John Hornug                                               )
2835A High Ridge Boulevard                                )    **JURY TRIAL DEMANDED**
High Ridge, Missouri  63049

## COMPLAINT

COMES NOW, Plaintiff, and for his Complaint states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

1

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) because the illicit collection activity was directed at Plaintiff in Missouri. Venue is proper in this district pursuant to 28 USC § 1391b(1).

## PARTIES

4. Plaintiff is a natural person currently residing in House Springs, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5. Defendant is a collection agency with its principal place of business in High Ridge, Missouri. The principal business purpose of Defendant is the collection of debts in Missouri and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a (6).

## FACTS

7. On or about October 2, 2013, Plaintiff received a dunning letter from Defendant attempting to collect a debt owed to Western Anesthesiology in the amount of $172.50.

8. On or about October 24, 2013, Plaintiff drafted a cease and desist letter stating that he disputed the debt.

9. On or about April 1, 2014, Plaintiff obtained a copy of his credit report from Equifax.

10. The Equifax credit report shows that Defendant reported the account as delinquent as of March 2014, but did not provide information that Plaintiff had disputed the account.

11. The information regarding the debt was conveyed directly by Defendant to Equifax.

12. Credit reporting constitutes collection activity.

13. Plaintiff has suffered damage to his credit reputation, anxiety, stress and worry as a result of Defendant's actions.

## COUNT I: VIOLATIONS OF THE FDCPA

14. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

15. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

   a. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff.  15 U.S.C. § 1692d.

   b. Failure to communicate that the debt has been disputed.  15 U.S.C. § 1692e(7).

   c. Taking action that cannot legally be taken by attempting to collect a debt enrolled in bankruptcy protection.  15 U.S.C. § 1692e(5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Judgment that Defendant's conduct violated the FDCPA;

    B.     Actual damages;

    C.     Release of the alleged debt;

    D.     Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

    E.     For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

16. Plaintiff realleges and incorporates paragraphs 1-15 above as if fully set out herein.

17. Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)

    a.     By continuing to the representation within Plaintiff's credit file with Equifax without also including a notation that this debt was formally disputed;

    b.     By failing to review all relevant information regarding same;

    c.     By failing to permanently and lawfully correct its own internal records to prevent the re-reporting of these representations to the consumer reporting agencies.

    d.     By reporting a negative key to Equifax in the posting of the account.

18. As a result of this conduct, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

19. Defendant's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

20. The Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**THE EASON LAW FIRM, LLC**

/s/ James W. Eason

_____
**JAMES W. EASON, #57112
124 Gay Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 932-1066
Fax:     (314) 667-3161
Email: james.w.eason@gmail.com**